**In re Steven P. CRIDER, Monica A. Crider, Debtors.**

**Susan R. Limor, Trustee, Plaintiff,**

**v.**

**Wells Fargo Home Mortgage, Inc., Steven P. Crider, Monica A. Crider, Defendant.**

**Bankruptcy No. 303–08051.
Adversary No. 304–0358A.**

United States Bankruptcy Court, M.D. Tennessee.

July 22, 2004.

Susan R. Limor, Nashville, TN, for trustee.

Jason Scott Mangrum, Wilson & Assocs., Nashville, TN, for Wells Fargo Home Mortgage.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the Motion for Fees filed by Susan R. Limor, Trustee (hereinafter "Trustee") against Wells Fargo Home Mortgage, Inc. (hereinafter "Wells Fargo") in this adversary proceeding. For the reasons cited herein, the court grants the motion of the trustee.

The facts are undisputed. The debtors filed a chapter 7 petition on June 18, 2003. Wells Fargo is listed in their Statements and Schedules as a secured creditor. The Meeting of Creditors was held on July 21, 2003. The trustee did not receive proof of perfection from Wells Fargo prior to the Meeting of Creditors as required by Local Rule 3001–1(a). Accordingly, the trustee sent a "Notice of Non–Compliance with Local Rule 3001–1" to Wells Fargo on November 4, 2003. The notice set forth the local rule and gave the creditor twenty days to cure the non-compliance. Wells Fargo still did not provide proof of its alleged perfected security interest in the real property located at 105 Wallace Court, Portland, Tennessee.

The trustee commenced this adversary proceeding by filing a complaint seeking to avoid the apparently unperfected lien of Wells Fargo on March 8, 2004. At the scheduled pretrial conference, the debtors' attorney provided the trustee with documentation showing that Wells Fargo is properly perfected in the Portland, Tennessee property. Accordingly, the trustee filed a Motion for Fees seeking to recover any costs (including attorney fees) related to the filing and/or preparation of this adversary for failure to comply with Local Rule 3001–1.

■ Wells Fargo does not contest the amount sought by the trustee, but argues that it should not be required to pay costs relying on the unreported decision of Judge Wiseman in *Gregory v. Ford Motor Credit (In re Jackson)*, No. 3:02–0182 (M.D. Tenn., June 24, 2002). The issue before the court, therefore is whether the trustee is entitled to costs pursuant to LBR 3001–1(b).

Local Bankruptcy Rule 3001–1 provides as follows: [1]

### 3001–1 Claims and Equity Security Interests—General

a. ***Proof of Perfection.*** Prior to the meeting of creditors in Chapter 7, 12 and 13 cases, all creditors asserting a security interest in property of the estate or property of the debtor shall submit to the trustee proof that the asserted security interest has been perfected in accordance with applicable law.

b. ***Failure to Comply.*** In the event that the holder of a secured claim does not comply with the provisions of paragraph a. above, and the trustee notifies said creditor in writing that it has failed to comply with the rule, the trustee shall be entitled to recover any costs (including reasonable attorney's fees) related to the filing and/or preparation of an adversary proceeding against the creditor, if said creditor has failed to cure its noncompliance with paragraph a. above, within twenty (20) days of service of notice by the trustee.

Judge Wiseman's decision in *In re Jackson* involved a secured creditor that failed to provide proof of perfection of its security interest in a vehicle. Judge Wiseman disallowed LBR 3001–1(b) costs to Jeanne

---

**1.** The Local Rules for the Bankruptcy Court are made and amended by the United States District Court for the Middle District of Tennessee pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure. In the Middle District of Tennessee, the bankruptcy judges have not been authorized to make and amend the local bankruptcy rules.

Gregory, Trustee, when Ford Motor Credit did not provide proof of perfection on the debtor's automobile. Ford had repossessed its collateral pre-petition, but Ford was listed as a secured creditor in the debtor's Statement and Schedules. Ford Motor Credit argued that the trustee had a duty to contact the Tennessee Department of Safety independently to obtain a copy of the title. Judge Wiseman held as follows:

> Defendant has a good argument that notation of its interest on the vehicle's title should have been enough action on its part to provide notice to the Trustee of its perfected interest. In other words, that the notation on the title of Defendant's interest provided "notice to the world" that the interest was perfected. It is well established that a lien on a motor vehicle is valid and perfected if it is registered on the title with the appropriate division of motor vehicle or county clerk. (citations omitted).
>
> The only issue, then, is whether this "notice to the world" applies beyond potential creditors and subsequent purchasers to bankruptcy trustees. The Court finds that there is **no reason to consider trustees differently**. In fact, there is authority for a similar proposition, that notice of interest by actual physical possession is notice to the world, including to the trustee. Trustee's best argument is a policy-based one: the purpose of Local Rule 3001–1 is to prevent Trustee from having to "jump through further hoops" and investigate all property that might belong to the estate. A simple letter or phone call on the part of the Defendant would have solved all of these problems. On the other hand, a simple call by the Trustee before filing her complaint could have avoided the costs and time wasted as well. Defendant followed all relevant state law, duly registered its interest in the vehicle on the title, and lawfully repossessed and sold the vehicle after Debtor's default. The long-established commercial principle that notation of a lien on the title to a vehicle is "notice to the world" **outweighs** any efficiency concerns of the local bankruptcy rules.

*In re Jackson,* 3:02–0182, at 5–7. (emphasis added). In this case, Wells Fargo argues that its properly perfected Deed of Trust also provided proper notice to the trustee, and all the world of its perfection.

*Jackson* is distinguishable in several ways: (1) the collateral had been repossessed prepetition in *Jackson;* (2) in *Jackson* the collateral involved was a vehicle, not real property; (3) Judge Wiseman found "no reason to consider trustees differently" in *Jackson,* and there is ample evidence in this case to do so; and (4) efficiency concerns far outweigh any burden upon Wells Fargo in this case.

First, in *Jackson,* Ford Motor Credit repossessed the vehicle prepetition. Because Ford was listed as a secured creditor in the petition, the trustee required proof of perfection to ensure that an avoidable transaction had not occurred just prior to bankruptcy. In this case, there was never any question that the Portland, Tennessee real property was an asset of the bankruptcy estate. Therefore, the trustee was duty-bound by 11 U.S.C. § 704 to "collect and reduce to money" property of the estate and to be accountable for all property received.

Secondly, the collateral in this case was real property. Although the court is doubtful that a phone call would have resolved the issue of perfection in *Jackson,* it is clear in this case a phone call to a Register of Deed's Office could not provide such assurances. In this case, the property was located in Sumner County, Tennessee. Although Sumner County has

a website with Register of Deed access, a "subscriber fee" of $50 per month is required to check records online. In Tennessee alone there are 95 counties, each with a different system of checking real property records. If the trustee were required to pay a subscriber fee for even half of the Tennessee counties that are searched to find proof of perfection for real property, the minimal $60 fee for a no-asset case would not cover those costs. Because bankruptcy pulls in a debtor's assets "wherever located," the trustee could be required to search one of the fifty-eight counties in California, the sixty-seven counties of Florida, or one of the twenty-seven counties of Alaska to obtain proof of perfection. The burden on the trustee to search each secured creditor's perfection status, for assets "wherever located" in the United States or beyond, in every chapter 7 case is too great.

Even if the trustee were able simply and without cost to obtain a copy of the Deed of Trust online, it is unlikely that the trustee could accurately review the notary requirements, or review the accompanying note which is not filed with the Deed of Trust. It is likely that the trustees would not be able to liquidate and distribute all assets to creditors because some otherwise avoidable liens would go undetected by a trustee who must "find" all proof of perfection on their own. Requiring the trustee to investigate what is *readily available* from the secured creditor is a wasteful use of a trustee's precious time and efforts.

The third and fourth reasons that *Jackson* is distinguishable overlap. The court finds ample reason to "treat trustees differently," and furthermore, the balancing test suggested in *Jackson* is overwhelmingly weighted in favor of enforcement of the Local Rule in this case. In 2003, there were 10,131 chapter 7 cases in this district, and of those cases, 9,665, or 95%, were no-asset chapter 7 cases. The fee for a trustee in a no-asset, chapter 7 case is just $60. *See* 11 U.S.C. § 330(b). Divided among the nine panel trustees in this district, each trustee was paid an average of $64,433.00 in 2003 for handling an average of 1,074 no-asset cases. Even at a paralegal's hourly billing rate (i.e., $70 per hour), the panel's trustee's are under-compensated. These figures assume that LBR 3001–1 is operational, and that trustees are not having to search the perfection status of every alleged secured creditor in every no-asset case.

Under Federal Rule of Bankruptcy Procedure 2002(e), when it appears from the Schedules that a Chapter 7 case is a no-asset case, the announcement for the Meeting of Creditors may include a notification that "it is unnecessary to file claims." If assets become available, further notice is given to allow proofs of claims to be filed. The Meeting of Creditors Notice in this district so provides. Therefore, in order to assist the efficient administration of the thousands of cases that begin as no-asset cases, LBR 3001–1 requires secured creditors to submit "proof of perfection." Absent the local rule, the bankruptcy court in this district would be forced to require all secured creditors to provide a fully supported proof of claim. Pursuant to Federal Rule of Bankruptcy Procedure 3001(c), proof of claim shall be supported by the original or a duplicate of a writing showing the basis of the secured claim. Thus, LBR 3001–1 requiring proof of perfection be provided to the trustee does not require the formal filing of a proof of claim, but only that a secured creditor provide proof of perfection to the trustee. The "burden" of LBR 3001–1 is certainly less than a requirement that in every no-asset case, a proof of claim and supporting documentation be filed.

If the trustees were required to verify perfection of every secured creditor in every chapter 7 case, asset or no-asset, the process of case administration would grind to a halt. Requiring such Herculean efforts by our panel trustees would unnecessarily slow the bankruptcy process. Assets would be liquidated more slowly, and creditors could likely receive less because of a trustee's inability to effectively gain access to the thousands of secured creditor documents from "wherever located." LBR 3001–1 requires no more than would be mandated if the court chose to require filing of a proof of claim in all no-asset chapter 7 cases.

█ The court therefore finds that the provisions of LBR 3001–1 are applicable in this case as this case is distinguishable from *Jackson*. LBR 3001–1(b) is the enforcement arm of the rule. It states that the trustee "shall be entitled to recover costs (including reasonable attorney's fees) related to the filing and/or preparation of an adversary proceeding against the creditor." The court is given wide discretion to sanction a party for failure to comply with court orders and rules. *In re Downs*, 103 F.3d 472, 478 (6th Cir.1996) ("Because the bankruptcy court is given a great deal of latitude in fashioning an appropriate sanction, [a] bankruptcy court's sanction … should not be disturbed unless a clear abuse of discretion is found"). In this case, the court finds that LBR 3001–1(b) does provide an appropriate sanction for failure to comply with LBR 3001–1(a). While the court is sensitive to the difficulty in relaying a notice from one unit of a business to the appropriate unit to react timely, this can be no excuse for utterly failing to respond to the trustee's Notice of Noncompliance.

The trustee waited from July of 2003 when the case was filed until March of 2004 when the adversary proceeding was filed to receive some response from Wells Fargo regarding their proof of perfection. It was not until the pretrial conference in the adversary proceeding on April 26, 2004 that the trustee received proof of Wells Fargo's perfection and then, from the debtor, not Wells Fargo. Had Wells Fargo timely complied, this chapter 7 case would have closed nearly a year ago.

The trustee's motion for costs and fees was accompanied by detailed time records and expense notations. The total amount sought is $727.71. The court finds that the trustee's Motion for Fees in the amount of $727.71 is GRANTED. An appropriate order will issue.

It is therefore so ORDERED.